1  Stacy L. Fode, Esq. (SBN 199883)
   sfode@nfclegal.com
2  Nana J. Yee, Esq. (SBN 272783)
   nyee@nfclegal.com
3  Kirsten McCaw Grossman
   kgrossman@nfclegal.com
4  *Pro hac vice forthcoming*
5  **NUKK-FREEMAN & CERRA, P.C.**
   550 West C Street, Suite 910
6  San Diego, California 92101
7  Telephone: 619.292.0515
   Facsimile:  619.566.4741
8
9  *Attorneys for Plaintiff*
   AMERIS BANK
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERIS BANK, a Georgia corporation, | Case No. 8:26-cv-00393 |
| Plaintiff, | **APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF PLAINTIFF AMERIS BANK'S COMPLAINT** |
| vs. | |
| PATRICK BYRNE, an individual, | |
| Defendant. | |

Pursuant to Civil L.R. 79-5.2.2, Plaintiff Ameris Bank ("Ameris") hereby moves this Court to grant the Application for Leave to File Under Seal Portions of Ameris's Complaint ("Sealing Application"). As described herein, the Sealing Application is narrowly tailored to redact information which, if publicly disclosed, would pose a significant cybersecurity risk to Ameris and its employees and customers.

Ameris submits this Sealing Application together with the Declaration of Stacy L. Fode filed under seal concurrently herewith, the [Proposed] Order attached hereto, and Ameris's Complaint. Ameris's filing further includes (1) a public, redacted version of the Complaint and (2) an unredacted version of the Complaint filed under seal. Because Ameris is filing this Sealing Application together with its Complaint, which has not yet been served on the Defendant, it does not know whether Defendant consents to or opposes the Sealing Application.

## I. BACKGROUND

During the course of a recent investigation, Ameris learned that Defendant Patrick Byrne ("Byrne"), a former Ameris employee, misappropriated vast amounts of confidential, proprietary and trade secret information belonging to Ameris, including confidential and sensitive information regarding Ameris's customers and employees. As alleged in its Complaint, Ameris contends that Byrne engaged in misappropriation by, inter alia, emailing such confidential and proprietary information to his personal email account, uploading it to a personal cloud account, and retaining it on his Ameris laptop, which he refused to return after termination, in violation of his contractual obligations to Ameris and applicable law. Compl. ¶¶ 3-4, 31-51, 61-100. The Complaint includes detailed allegations regarding the manner in which Byrne misappropriated documents, including the dates of transmittal, the particular names of documents he improperly transmitted, and descriptions of the sensitive, confidential and proprietary information he sent to himself for personal use. *Id.*

As a highly regulated financial institution, Ameris is committed to exercising the upmost care in protecting its data (including sensitive and confidential customer and

employee information) from improper disclosure or breach. *Id.* ¶¶ 24-51. Given the risks of a data breach resulting from Bryne's actions (whether pursuant to a targeted hacking effort, mass data breach or otherwise), Ameris requests that the designated portions of its Complaint be permanently sealed to prevent further improper disclosure of such confidential information.

## II. LEGAL STANDARD

Courts extend a "strong presumption" in favor of public access to judicial records, and therefore parties seeking to file portions of a complaint or dispositive court document under seal must generally demonstrate "compelling reasons" that outweigh the public's interest in disclosure. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). As the Ninth Circuit has recognized, such "compelling reasons" exist when "court files might have become a vehicle for improper purposes," including the use of court records to improperly release trade secrets or other highly confidential and sensitive information. *Id.* at 1179. *Cf. Karl Storz Endoscopy-America, Inc. v. Stryker Corp.*, Case No. 14-cv-00876-RS (JSC), 2016 WL 2855260, at *9-10 (N.D. Cal., May 12, 2016) (granting motion to seal document containing confidential business information).

Courts within this Circuit have repeatedly held that preventing the disclosure of information regarding sensitive cybersecurity vulnerabilities constitutes a compelling reason to seal. For example, in *Tokarski v. Med-Data, Inc.,* No. 2:21-CV-00631-TL, 2022 WL 683250, at *2 (W.D. Wash. Mar. 8, 2022), the court granted a motion to seal documents describing security vulnerabilities with respect to "highly sensitive data and information" stored by the moving party. *Id.* at *1; *see also Reyna v. Arris Int'l PLC,* No. 17-CV-01834-LHK, 2018 WL 1400513, at *3 (N.D. Cal. Mar. 20, 2018) (acknowledging that information regarding "specific vulnerabilities" in a company's system for preventing "hacking" is sealable under the compelling reasons standard); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing information that "hackers and spammers could use" to "circumvent

Google's anti-virus and anti-spam mechanisms," ultimately leading to a security breach, particularly where the public had little interest in such information, which was "unlikely to be critical to the substantive issue of liability."); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078-JSC, 2015 WL 3993147 at *6 (N.D. Cal. June 30, 2015) ("compelling reasons" existed to support request to seal portions of an exhibit describing a party's cybersecurity systems where disclosure of that information could "encourag[e] another cyber attack").

### III.   COMPELLING REASONS EXIST TO SEAL THAT OUTWEIGH THE PUBLIC'S INTEREST IN DISCLOSURE

The Court should grant Ameris's Sealing Application because it seeks to protect detailed information regarding the manner in which Byrne wrongfully transmitted specified types of confidential and sensitive personal information, which if disclosed, could lead to cyberattacks, hacking, or data security breaches that would put both Ameris and its employees and clients at substantial risk.

As described in the Declaration of Stacy L. Fode, the proposed redacted portions of the Complaint contain detailed information regarding the timing, location, method, and manner by which Byrne misappropriated sensitive and confidential personally identifiable information ("PII") of Ameris employees and customers. Fode Decl. ¶¶ 4-5, 14. Based on Ameris's investigation, the Complaint alleges that, on numerous occasions over a period of several years, Byrne emailed such confidential information to his personal email account, saved it in his personal cloud-based internet storage account and ultimately retained it on his Ameris laptop, which he refused to return after termination. Compl. ¶¶ 3-4, 31-51, 61-100.

Specifically, the Complaint alleges that Byrne sent hundreds of Ameris documents with thousands of pages of confidential, proprietary and trade secret information, including PII regarding Ameris employees and customers, to his personal email account. *Id.* ¶¶ 3-4, 61-73. This included sensitive and confidential personal information regarding Ameris's customers (including customers' names, dates of birth, credit scores and social

security numbers) and Ameris employees (including names, address and contact information, information regarding wages, bonuses, incentives and tax withholding, 401(k) and Roth IRA contributions, insurance information, and information regarding employee leaves of absence, including sick leave and paid time off). *Id.*

As a regulated bank, Ameris is subject to a series of federal and state statutes, regulations, guidances and orders that govern its use and maintenance of nonpublic consumer data. *Id.* ¶¶ 24-25. This includes, without limitation, Title V, Subtitle A of the Gramm-Leach-Bliley Act, Financial Services Modernization Act of 1999, 15 U.S.C. § 6901 *et seq.*; 12 CFR Part 1016 *et seq.*, Privacy of Consumer Financial Information; and the California Consumer Privacy Act, California Civil Code §§1798.100-199 together with its implementing regulations at 11 California Code of Regulations §§ 7000 *et seq.*, which, inter alia, prohibit financial institutions like Ameris from disclosing nonpublic personal information to nonaffiliated third parties, unless the institution satisfies various notice and opt-out requirements. *Id.*

While Ameris has adopted robust information security policies and protocols, including using encryption programs, secured portal access, network surveillance, regular auditing and extensive employee training, Byrne's personal email and cloud-based storage accounts are not subject to the same security protections. *Id.* ¶¶ 41, 46-49, 104-05. In particular, Byrne's consumer accounts are not securely encrypted to prevent access by non-approved users, including hackers, and they are generally not considered to be secure platforms for hosting sensitive and confidential personal information, thus presenting a material and ongoing data security risk. *Id.*; Fode Decl. ¶ 8.

Accordingly, Ameris respectfully requests sealing of the following portions of its Complaint, which are shown in redacted and unredacted form in the Fode Declaration:

| Complaint Paragraph | Text | Basis for Sealing |
|---|---|---|
| 66 | Text describing specific date, document | The redacted portions of text describe specific information |

| | | | |
|---|---|---|---|
| | | name, and means by which Byrne transmitted to himself PII and other highly sensitive information regarding Ameris customers, along with the specific types of personal information transmitted. | that could be used to facilitate hacking or other types of security breaches, putting a substantial amount of confidential personal information at risk of improper disclosure. |
| | 68 | Text describing the specific date, document name, and means by which Byrne transmitted to himself PII and other highly sensitive information regarding Ameris employees, along with the specific types of personal information transmitted. | The redacted portions of text describe specific information that could be used to facilitate hacking or other types of security breaches, putting a substantial amount of confidential personal information at risk of improper disclosure. |
| | 71 | Text describing the specific date, document type, and means by which Byrne transmitted to himself PII and other highly sensitive information regarding an Ameris customer, along with the specific types of personal information transmitted. | The redacted portions of text describe specific information that could be used to facilitate hacking or other types of security breaches, putting a substantial amount of confidential personal information at risk of improper disclosure. |
| | 72 | Text describing the specific date, document name, and means by which Byrne transmitted to himself PII and | The redacted portions of text describe specific information that could be used to facilitate |

| | | |
|---|---|---|
| | other highly sensitive information regarding Ameris employees, along with the specific types of personal information transmitted. | hacking or other types of security breaches, putting a substantial amount of confidential personal information at risk of improper disclosure. |
| 73 | Text describing the specific date, document type and means by which Byrne transmitted to himself PII and other highly sensitive information regarding Ameris employees, along with the specific types of personal information transmitted. | The redacted portions of text describe specific information that could be used to facilitate hacking or other types of security breaches, putting a substantial amount of confidential personal information at risk of improper disclosure. |

These facts, describing the nature of the data security risks and the significant confidential information at issue (impacting not only Ameris but hundreds of its non-party employees and customers), readily satisfy Ameris's burden to demonstrate compelling reasons for sealing. As multiple courts have held, requests to seal materials describing data-security vulnerabilities satisfy the "compelling reasons standard," particularly where disclosure could expose the movant to further data breaches or cyberattacks. For example, in *Tokarski*, the court found that "compelling reasons" supported sealing because the document at issue contained information that, "if made publicly available, could undermine [movant's] current security measures," thereby presenting a "non-trivial chance" that disclosure in open court would make "private information . . . vulnerable to hackers." 2022 WL 683250, at *2; *see also id.* (further finding the "risk of harm to many individuals who are not currently parties" presented a "compelling reason to override the presumption of public access to judicial records").

The same reasoning applies here, where Ameris seeks to prevent the exploitation of cybersecurity vulnerabilities arising from Byrne's misappropriation, with the ultimate goal enforcing its responsibility to safeguard private employee and customer data,

including PII, compensation data and other sensitive personal information. Courts both within and outside this Circuit have found sealing appropriate under analogous circumstances. *See, e.g.*, *Music Grp. Macao Com. Offshore Ltd.*, 2015 WL 3993147, at *5 (observing that "courts have found a party's tangible concern about future cyber attacks or hacking is a compelling reason to seal materials"); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156–57 (S.D.N.Y. 2015) (approving sealing relating to PII of non-parties, including home addresses, biographical information, telephone numbers and compensation data as "sensitive personal information" (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("[T]he privacy interests of innocent third-parties should weigh heavily in a court's balancing equation" in weighing interests against the presumption of public access)). These authorities establish that where public access would create a tangible risk of future cyber exploitation, identity theft, or data breach, compelling reasons justify sealing.

## IV. CONCLUSION

Pursuant to Civil L.R. 79-5.2.2 *et seq.*, Ameris submits, together with the Fode Declaration, redacted versions of the above-designated portions, which redactions are narrowly tailored to sealable material only. Ameris respectfully requests that its Sealing Application be granted.

Dated:  February 20, 2026            **NUKK-FREEMAN & CERRA**

By:
    */s/Stacy L. Fode*
Stacy L. Fode, Esq.
Nana J. Yee, Esq.
*Attorney for Plaintiff*
AMERIS BANK