ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
MATTHEW T. SESSIONS (BAR NO. 307098)
CATRIONA M. LAVERY (BAR NO. 310546)
STACEY A. VILLAGOMEZ (BAR NO. 317081)
2010 Main Street, 8th Floor
Irvine, California 92614-7214
Phone:  (949) 553-1313
Fax:  (949) 553-8354
E-Mail: msessions@allenmatkins.com
        clavery@allenmatkins.com
        svillagomez@allenmatkins.com

Attorneys for Defendant
PATRICK BYRNE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>PATRICK BYRNE, an individual,<br><br>                    Defendant. | Case No. 8:26-cv-00393-MWC-JDE<br><br>ASSIGNED FOR ALL PURPOSES TO Judge Michelle Williams Court<br><br>**JOINT REPORT RE: FRCP RULE 26(f) CONFERENCE**<br><br>**Date of Scheduling Conference: August 14, 2026 at 1:30 p.m.**<br><br>Complaint Filed: February 20, 2026 |

- 1 -

## <u>JOINT RULE 26(f) REPORT</u>

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on July 21, 2026, and submit the following Report of their meeting for the Court's consideration:

**I.     TRIAL COUNSEL**

**A.     Lead Trial counsel for Plaintiff Ameris Bank ("Plaintiff"):** Kirsten McCaw Grossman (pro hac vice), Moira Heiges-Goepfert, and Stacy Fode, Nukk-Freeman and Cerra, P.C.

**B.     Lead Trial counsel for Defendant Patrick Byrne ("Defendant"):** Matthew Sessions and Stacey Villagomez, Allen Matkins.

**C.     Counsel who participated in Rule 26(f) conference on behalf of Plaintiff:** Kirsten McCaw Grossman (pro hac vice), Moira Heiges-Goepfert and Zachary Brower, Nukk-Freeman and Cerra, P.C.

**D.     Counsel who participated in Rule 26(f) conference on behalf of Defendant:**  Matthew Sessions, Stacey Villagomez and Catriona Lavery, Allen Matkins.

**II.     BASIS FOR SUBJECT MATTER JURISDICTION**

**A.     Plaintiff's Statement**

This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332(a) because it involves citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Additionally, the Second Claim for Relief arises under the Defend Trade Secrets Act, 18 U.S.C. § 1832 et seq., a federal statute. Therefore, this Court has original subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331 et seq.

The First, Third, Fourth and Fifth Claims for Relief arise under California statutory and common law. This Court has concurrent subject matter jurisdiction over these Claims for Relief on the basis of supplemental jurisdiction under 28 U.S.C. § 1367(a), because: (a) the federal and state law claims asserted herein are

4896-9103-5330

based, in part, upon the same operative facts; (b) the Court's exercise of jurisdiction over the pendent state law claims will promote judicial economy, convenience, and fairness to the parties; and (c) such claims are so related to the Second Claim for Relief that they form part of the same case or controversy under Article III of the United States Constitution.

### B.   Defendant's Statement

Defendant lacks sufficient information at this time to confirm whether the amount in controversy is more than $75,000. But Defendant agrees that the Court has subject matter jurisdiction over the Defend Trade Secrets Act, 18 U.S.C. § 1832 et seq., cause of action and supplemental jurisdiction over the remaining causes of action.

## III.   STATEMENT OF THE CASE

### A.   Principal Issues

On February 20, 2026, Plaintiff set forth the following causes of action in its Complaint: (1) Breach of Contract; (2) Trade Secret Misappropriation in Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1832 et seq. ("DTSA"); (3) Trade Secret Misappropriation in Violation of Cal. Civ. Code §§ 3426 et seq. ("CUTSA"); (4) Violation of California Penal Code § 502; and (5) Conversion.

On July 9, 2026, the Court granted in part and denied in part Defendant's Motion to Dismiss Plaintiff's Complaint. The Motion was denied as to Plaintiff's Breach of Contract claim as to the Confidential Information Agreement and the Acceptable Use Policy, and Plaintiff's Conversion claim as to Byrne's alleged conversion of his Ameris-issued laptop. Plaintiff's DTSA and CUTSA trade secret misappropriation claims, California Penal Code § 502 claim, and the Conversion claim as to customer and employee personal identifying information and confidential/trade secret information were dismissed with leave to amend, and Plaintiff's breach of contract claim as to Defendant's Employment Agreement was dismissed with prejudice.

4896-9103-5330

Plaintiff is preparing a First Amended Complaint in line with the Court's ruling in the July 9, 2026 Order to be filed by July 30, 2026.

### B.    Plaintiff's Statement of the Case

Defendant Patrick Byrne is a former employee of Ameris and was formerly employed as CEO of Ameris's Balboa Division ("Balboa"), which Byrne previously owned and sold to Ameris in December 2021 for approximately $187 Million Dollars.

Following the purchase of Balboa by Ameris and in accordance with the terms of his Employment Agreement, Confidential Information Agreement, Acceptable Use Policy and others, Byrne was subject to the policies and procedures of Ameris. This included those designed to protect and maintain the secrecy of confidential, proprietary and trade secret information held by Ameris and to which certain Ameris employees, like Byrne, had access. Unbeknownst to Ameris at the time, Byrne did not comply with his obligation to maintain the secrecy of the confidential, proprietary and trade secret information to which he had access as an Ameris employee. Instead, on numerous occasions, and to an increasing degree in the time period preceding his termination, Byrne sent hundreds of Ameris documents consisting of thousands of pages of confidential, proprietary and trade secret information belonging to Ameris from his Ameris e-mail account to his personal, unencrypted e-mail account, and later stored, saved and used those documents for personal benefit in blatant disregard of Ameris policy and his contractual obligations. Byrne's actions were not authorized by Ameris, and were not necessary for his performance of his job; instead Byrne engaged in these actions for his own personal benefit, including in advancing his litigation position and personal business interests. The information contained in the documents included personally identifiable information ("PII") regarding Ameris employees, attorney-client privileged communications between Ameris and its attorneys, detailed and commercially sensitive trade secret information relating to Ameris customers and

- 4 -

CASE NO. 8:26-CV-00393-MWC-JDE
JOINT REPORT RE: FRCP RULE 26(f)

their loans (including customers' names, dates of birth, credit scores, and social security numbers), and other detailed proprietary and trade secret information relating to Ameris, its business operations and finances.

Upon discovering Byrne's misappropriation in September 2025 and repeatedly since that date, Ameris has demanded the return of the confidential, proprietary and trade secret information Byrne took from Ameris and cooperation in the forensic removal of the documents containing that information from Byrne's devices and accounts. To date, Byrne has refused to return the information he took from Ameris. Compounding this misconduct, Byrne also refused to return his Ameris laptop after his termination. Upon information and belief, Byrne knew that returning the laptop would have expedited Ameris's discovery of, and provided additional information relevant to, his theft. While Ameris's investigation is ongoing, the information Ameris has uncovered to date demonstrates that Byrne breached his contractual obligations to Ameris, misused Ameris's computer networks and systems, and misappropriated documents containing confidential, proprietary and trade secret information belonging to Ameris. Byrne's conduct and continued possession of these documents was and is deliberate, unlawful, and poses the very real risk of a data breach.

### C.    Defendant's Statement of the Case

Following Ameris' termination of Byrne's employment in June 2024, Byrne sued Ameris for wrongful termination, whistleblower retaliation, and related causes of action. *Byrne v. Ameris Bank*, No. 8:24-cv-01989-MWC (C.D. Cal.) (the "Main Action"). Just eight days after the Court denied Ameris' Motion for Summary Judgment and less than three weeks before the parties' private mediation session in that case, Ameris filed this action. In June 2026, the jury in the Main Action returned a verdict in Byrne's favor, awarding compensatory and punitive damages, and on July 27, 2026, the Court entered final judgment for Byrne in the total amount of $79,548,170.80, exclusive of interest, costs, and attorneys' fees. (Main

Action, Dkt. 253.) Byrne denies Ameris' claims, which arise from discovery disputes in the Main Action and policies not uniformly applied to Ameris personnel. Ameris' allegations also suffer from the defects identified in Byrne's Motion to Dismiss, which the Court granted in substantial part (Dkts. 20, 33). Byrne has not yet received Ameris' First Amended Complaint, which Ameris says it will file on July 30, 2026, but believes the issues raised in his prior motion cannot be cured by amendment.

## IV. LEGAL ISSUES

### A. Plaintiff's Analysis

Defendant's actions as described in Plaintiff's Statement of the Case support causes of action for breach of contract, trade secret misappropriation in violation of DTSA, trade secret misappropriation in violation of CUTSA, violation of California Penal Code § 502 and conversion.

### B. Defendant's Analysis

Defendant has not yet received Plaintiff's First Amended Complaint and accordingly, his ability to anticipate the legal issues that may arise is limited.

At this time, Defendant anticipates that legal issues will include (1) Plaintiff's alleged grounds for forensic inspection of Defendant's personal devices and accounts; (2) the adequacy of Plaintiff's forthcoming trade secret identification; (3) whether Byrne's transmission and retention of the documents at issue was authorized or undertaken in connection with his job duties; (4) whether Byrne's transmission of documents to his counsel and litigation consultants in connection with the Main Action is protected and/or privileged conduct; (5) whether Plaintiff's selective and retaliatory enforcement of its confidentiality policies bars or limits its claims, including under doctrines of waiver, estoppel, and unclean hands; (6) preemption of overlapping claims by CUTSA; and (7) anticipated disputes regarding attorney-client privilege and work-product protection.

4896-9103-5330

CASE NO. 8:26-CV-00393-MWC-JDE
JOINT REPORT RE: FRCP RULE 26(f)

## V.    DAMAGES

### A.    Plaintiff's Analysis

This disclosure is preliminary and has been made at an early stage in this case. At this time, the full extent of Plaintiff's damages is difficult to calculate. To the extent that Plaintiff's damages can be determined, the precise calculation is yet to be determined and may rely upon expert testimony, which will be timely disclosed pursuant to the Federal Rules of Civil Procedure and any scheduling order entered by the Court.

Plaintiff intends to seek the following damages:

- Compensatory damages, in an amount to be established at trial;

- Punitive damages;

- Prejudgment interest;

- Plaintiff's attorneys' fees and costs incurred in connection with this action, including fees relating to the forensic examination of Defendant's devices and accounts;

- Permanent injunctive relief requiring Byrne and/or his agents, servants, employees, and all persons acting under, in concert with, or for him to account for any and all uses of Ameris's confidential, proprietary, trade secret and/or attorney-client privileged information and communications, including all use and disclosure thereof, including disclosing the identities of all entities and individuals to which any disclosure was made;

- Permanent injunctive relief requiring Byrne and/or his agents, servants, employees, and all persons acting under, in concert with, or for him to return any of Ameris's confidential, proprietary, trade secret and/or privileged documents and/or communications in their possession, custody or control;

- Permanent injunctive relief prohibiting Byrne and/or his agents,

4896-9103-5330

servants, employees, and all persons acting under, in concert with, or for him from violating Byrne's confidentiality obligations to Ameris; and

- Other and further relief as this Court deems just and proper.
- At this time, Plaintiff estimates the range of *monetary* damages to be $125,000 to $500,000.  However, as set forth above, the primary relief sought by Plaintiff is injunctive in nature.
- Plaintiff reserves the right to supplement this response.

### B.  Defendant's Analysis

Defendant disputes that Plaintiff is entitled to any damages and further disputes that Plaintiff's alleged damages are realistic or provable.  (*See* Order Setting Scheduling Conference, Dkt. 28, at 3:12.)

## VI.  PARTIES AND EVIDENCE

### A.  Plaintiff's list of parties, percipient witnesses, and key documents

Discovery has not yet commenced, therefore Plaintiff is not yet aware of all the percipient witnesses and key documents. The following witness list is based upon information and documents presently available and known to Plaintiff. As a result, Plaintiff reserves the right to amend this list as discovery continues.

The individuals listed below may have discoverable information that Plaintiff may use to support its claims:

- **Defendant Patrick Byrne** – Mr. Byrne has knowledge and information related to the allegations set forth in the Amended Complaint, including but not limited to his employment with Ameris, his removal of documents containing Plaintiff's confidential, proprietary and trade secret information, and his use of those documents.
- **Jacquie Emert, former Ameris employee** – Ms. Emert has knowledge and information related to the allegations set forth in the

4896-9103-5330

CASE NO. 8:26-CV-00393-MWC-JDE
JOINT REPORT RE: FRCP RULE 26(f)

Amended Complaint, including but not limited to her receipt of Plaintiff's documents from Mr. Byrne and her actions sending the documents to other individuals.

- **Ross Creasy, Ameris Corporate Executive Vice President and Chief Information Officer** – Mr. Creasy has knowledge and information related to the allegations set forth in the Amended Complaint, including but not limited to Mr. Byrne's contractual agreements with Plaintiff, Plaintiff's policies and efforts to maintain the secrecy of its confidential, proprietary and trade secret information, and his involvement in the investigation that uncovered Mr. Byrne's conduct in sending hundreds of documents containing thousands of pages of confidential, proprietary and trade secret information to his personal email account.

- **Esperanza Anderson, Law Office of Esperanza Cervantes Anderson** – Ms. Anderson was Mr. Byrne's prior counsel in his litigation against Plaintiff. Ms. Anderson has knowledge and information related to the allegations set forth in the Amended Complaint, including but not limited to her statements to Plaintiff that she had received additional Ameris documents from Mr. Byrne that she had not produced, and did not delete, destroy or return.

- **Ryan Nguyen, Partner, Forensics & Litigation Support at Smith Dickson Certified Public Accountants, LLP** – Mr. Nguyen has knowledge and information related to the allegations set forth in the Amended Complaint, including but not limited to his receipt of Ameris documents containing confidential, proprietary and trade secret information.

- **Deborah Dickson, Managing Partner at Smith Dickson Certified Public Accountants, LLP** - Ms. Dickson has knowledge and

- 9 -

CASE NO. 8:26-CV-00393-MWC-JDE
JOINT REPORT RE: FRCP RULE 26(f)

4896-9103-5330

information related to the allegations set forth in the Amended Complaint, including but not limited to her receipt of Ameris documents containing confidential, proprietary and trade secret information.

- **Rachel Norville, Manager, Forensics & Litigation Support at Smith Dickson Certified Public Accountants, LLP** – Ms. Norville has knowledge and information related to the allegations set forth in the Amended Complaint, including but not limited to her receipt of Ameris documents containing confidential, proprietary and trade secret information.

**Documents**

The following categories of documents, including electronically stored information ("ESI"), and other tangible things that may be used in support of Plaintiff's claims in this action:

- Defendant's employee file.
- Written correspondence relating to the claims asserted by Plaintiff.
- Defendant's written agreements and other related documents pertaining to the terms and conditions of his employment.
- Documents and communications related to Defendant's forwarding of documents containing Plaintiff's information to his personal e-mail account.
- Documents and communications relating to Defendant's forwarding of documents containing Plaintiff's information to non-parties, including but not limited to Esperanza Anderson, Jacquie Emert and Smith Dickson Certified Public Accountants, LLP.
- Documents, including data and communications, relating to Defendant's misappropriation of Plaintiff's confidential, proprietary and trade secret information, including those relating to his

4896-9103-5330

transmission, saving, uploading/downloading, removal, storage and use of Plaintiff's information.

- Documents and communications related to Defendant's misuse of Plaintiff's documents.

Pursuant to Fed. R. Civ. P. 26(b)(2)(B), and subject to additional considerations under Fed. R. Civ. P. 26(b)(2)(C), any search for ESI will be limited to what is proportional to the needs of the case. Plaintiff will not search ESI sources with potentially discoverable information that it cannot locate, retrieve, review, and provide discovery of without undue burden or cost.

Plaintiff's investigation relating to this action is ongoing, and the document descriptions provided above are based upon information and documents presently available and specifically known to Plaintiff. As a result, Plaintiff reserves the right to amend this list as discovery continues to add additional documents and/or modify the document descriptions herein.

**B.    Defendant's list of parties, percipient witnesses, and key documents**

Defendant's investigation is ongoing and Defendant has not yet received Plaintiffs' First Amended Complaint. Defendant's ability to anticipate his witnesses and key documents is limited at this time.  Defendant does not presently anticipate the appearance of additional parties.

**1.    Individuals**

Defendant anticipates his witnesses may include:

- Himself
- Ameris' person most knowledgeable on issues including IT security and confidentiality policies
- Ross Creasy (Ameris Corporate Executive Vice President and Chief Information Officer)
- James LaHaise (Former Ameris Chief Strategy Officer)

4896-9103-5330

- David Sparacio (Former Ameris Corporate Controller)
- Phil Silva (President of Ameris' Equipment Finance Leasing Division f/k/a the Balboa Division)
- Nicole Stokes (Ameris Chief Financial Officer)
- Jacquie Emert (Defendant's personal assistant)
- Deborah Dickson (Defendant's expert witness in the Main Action)
- Other Ameris employees who used personal email addresses or devices in the course of their employment at Ameris.

### 2. **Documents**

Defendant anticipates that key documents in this case will include documents relating to the inconsistent enforcement of Ameris' confidentiality policies, communications evidencing Ameris employees regularly using personal email addresses and devices in the course of their employment, and Ameris' retaliatory motivations for filing this lawsuit.

## VII. ANTICIPATED MOTIONS AND DISPOSITIVE MOTIONS

### Plaintiff

Plaintiff plans to file an Amended Complaint conforming to the Court's Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (Dkt. No. 33).

Plaintiff anticipates that discovery disputes that are not resolved through informal meet and confer efforts will be brought to Magistrate Judge John D. Early through discovery motions pursuant to this Court's standing orders. Plaintiff has not identified any unusual legal issues presented by this case at this time.

Plaintiff anticipates filing a Motion for Summary Judgment and/or a Motion for Partial Summary Judgment as to the following issues and claims:

- First cause of action for breach of contract;
- Second cause of action for trade secret misappropriation in violation of the DTSA;

4896-9103-5330

CASE NO. 8:26-CV-00393-MWC-JDE
JOINT REPORT RE: FRCP RULE 26(f)

- Third cause of action for trade secret misappropriation in violation of the CUTSA;
- Fourth cause of action for violation of California Penal Code section 502;
- Fifth cause of action for conversion; and
- Punitive damages.

**Defendant**

Defendant has not yet received Plaintiff's First Amended Complaint. Thus, Defendant's ability to anticipate what motions he may file is limited at this time.

Defendant may move to dismiss Plaintiff's First Amended Complaint but will make that decision upon reviewing the filing.

Defendant anticipates discovery motion practice regarding Plaintiff's stated intention to seek a forensic inspection of his electronic devices. Defendant has requested from Plaintiff its grounds for such a demand and has not yet received any authorities from Plaintiff.

Defendant anticipates moving for summary judgment on all of Plaintiffs' claims on the grounds that there is no evidence from which a reasonable jury could find in Plaintiff's favor, including that there is no evidence that Defendant misappropriated trade secrets or otherwise mishandled confidential information. Defendant further anticipates asserting as an affirmative defense that Plaintiff's confidentiality policies have not been consistently enforced and that Plaintiff only brought this lawsuit in retaliation for Defendant blowing the whistle on Plaintiff's withholding of earned wages from himself and other employees and related tortious conduct.

## VIII. SETTLEMENT CONFERENCE/ALTERNATIVE DISPUTE RESOLUTION

Based on this Court's Notice to Parties of Court-Directed ADR Program (Dkt. No. 10), the parties believe the case is best suited to private mediation. The

4896-9103-5330

CASE NO. 8:26-CV-00393-MWC-JDE
JOINT REPORT RE: FRCP RULE 26(f)

parties will meet and confer to select a mutually acceptable mediator, subject to the mediator's availability.

## IX.    DISCOVERY PLAN

### A.    Anticipated Scope of Discovery

**<u>Plaintiff</u>**

In accordance with Federal Rule 26(f)(3)(B), discovery will be conducted on the allegations and claims contained within Plaintiff's Complaint.

Plaintiff intends to propound written discovery in the form of interrogatories, requests for production, and requests for admissions as authorized by the Federal Rules.

Plaintiff recommends adopting the default limitations on discovery imposed by the Federal Rules of Civil Procedure, local rules, and applicable case law with regard to written discovery. Plaintiff reserves the right to seek leave of Court to exceed these discovery limitations if necessary and only if good cause is shown.

In addition to the discovery generally laid out above, including written discovery related to Defendant's terms and conditions of employment and job duties, Plaintiff intends to seek forensic discovery, including imaging of Defendant's electronic devices and accounts and application of search terms designed to identify documents containing any confidential, proprietary and trade secret information of Plaintiff, including but not limited to the specific Ameris documents Defendant sent from his Ameris e-mail account to his personal email account. Plaintiff will seek discovery regarding other issues that arise as the litigation progresses.

Plaintiff also anticipates taking the depositions of the witnesses – identified above –who may have received confidential information from Plaintiff and were aware of Defendant improperly taking confidential information from Plaintiff. Plaintiff reserves the right to take additional depositions if other persons with knowledge are disclosed in discovery.

4896-9103-5330

**Defendant**

Defendant anticipates discovery into Plaintiffs' claims and Defendant's defenses to include written discovery and depositions.

At this time, Defendant does not see a need to depart from the default discovery procedures provided for by the Federal Rules of Civil Procedure and C.D. Cal. Local Rules.

Defendant anticipates discovery will include investigation into Plaintiffs' confidentiality policies and enforcement thereof. This includes whether Plaintiff enforces its policies consistently as to all employees. Discovery will involve assessing whether other Ameris employees use or have used personal email addresses or devices in the course of their employment at Ameris and Ameris' retaliatory motivations for pursuing this lawsuit.

**B.    Status of Discovery**

**Plaintiff**

Plaintiff plans to serve its first set of requests for production, interrogatories and requests for admissions following the August 14, 2026 Scheduling Conference.

**Defendant**

Discovery has not yet begun, though issues implicated in this case were previously litigated in the Main Action. Defendant intends to serve initial written discovery requests in the coming weeks.

**X.    PROPOSED CASE MANAGEMENT DEADLINES AND SCHEDULE WORKSHEET**

The parties have met and conferred on all pretrial and trial dates including expert discovery and jointly submit a completed copy of the Schedule of Pretrial and Trial Dates Worksheet attached hereto as Exhibit A to this Joint Report.

**XI.    COMPLEX CASES**

The parties agree that the matter is not complex.

4896-9103-5330

CASE NO. 8:26-CV-00393-MWC-JDE
JOINT REPORT RE: FRCP RULE 26(f)

## XII.   INSURANCE

### Plaintiff

Plaintiff lacks any knowledge regarding insurance coverage that may be applicable to Plaintiff's claims as alleged thus far in this action.

### Defendant

Defendant is not aware of any insurance coverage applicable to this litigation.

## XIII.   TRIAL

### Plaintiff

Plaintiff requests a jury trial and the Plaintiff estimates no more than four (4) court days for trial, excluding jury selection, opening statement, and closing argument.

Plaintiff anticipates calling approximately 10 witnesses to prove its various claims.

### Defendant

Defendant anticipates trial may take six (6) court days.

Defendant anticipates calling approximately 10-12 witnesses.

## XIV.   MAGISTRATE JUDGE

The parties do not agree to try the case before a magistrate judge.

## XV.   INDEPENDENT EXPERT OR MASTER

Plaintiff anticipates requesting that an independent forensic expert (agreed upon by the parties) be appointed during discovery to conduct imaging and forensic examination of Defendant's devices and accounts. To the extent the parties are able to establish applicable parameters for this process in the Electronically Stored Information ("ESI") Protocol agreed upon by the parties, this process will be undertaken in accordance with the ESI Protocol.

Defendant anticipates opposing Plaintiff's request for an independent forensic expert.

4896-9103-5330

CASE NO. 8:26-CV-00393-MWC-JDE
JOINT REPORT RE: FRCP RULE 26(f)

## XVI.  ELECTRONIC DISCOVERY

As discussed in Section XII above, the parties anticipate the entry of an ESI protocol agreed upon by the parties.

Defendant does not agree that any ESI protocol will provide for forensic imaging or inspection of Defendant's personal devices or accounts, which Defendant opposes for the reasons stated above.

## XVII. PROTECTIVE ORDERS AND CONFIDENTIALITY AGREEMENTS

In accordance with Federal Rule 26(f)(3)(D), the Parties have discussed privilege and protection issues. The Parties will negotiate a Stipulated Protective Order to address any concerns regarding privilege or confidential, proprietary and/or trade secret information.

Defendant anticipates that privilege disputes may arise regarding attorney-client privilege and work-product protection concerning Defendant's communications with his counsel and litigation consultants, but will meet and confer with Plaintiff's counsel if and when any such issues arise.

## XVIII.  OTHER ISSUES

The parties agreed to an extension of Plaintiff's deadline to file a Trade Secret Identification Statement from July 31, 2026 to August 12, 2026.

The parties agreed to exchange Initial Disclosures on August 14, 2026.

Dated:  July 28, 2026                    Respectfully submitted,

                                         ALLEN MATKINS LECK GAMBLE
                                            MALLORY & NATSIS LLP
                                         CATRIONA M. LAVERY


                                         By:  /s/ Catriona M. Lavery
                                             CATRIONA M. LAVERY
                                             Attorneys for Defendant
                                             PATRICK BYRNE

4896-9103-5330

- 17 -

CASE NO. 8:26-CV-00393-MWC-JDE
JOINT REPORT RE: FRCP RULE 26(f)

Dated:  July 28, 2026

Respectfully submitted,

NUKK-FREEMAN & CERRA, P.C.
MOIRA HEIGES-GOEPFERT


By: */s/ Moira Heiges-Goepfert*
MOIRA HEIGES-GOEPFERT
Attorneys for Plaintiff
AMERIS BANK

4896-9103-5330

CASE NO. 8:26-CV-00393-MWC-JDE
JOINT REPORT RE: FRCP RULE 26(f)

## CERTIFICATION OF ELECTRONIC SIGNATURES

In accordance with Central District of California Local Rules Section 5-4.3.4(a)(2)(i), I certify that the content of this document is acceptable to all persons required to sign this document, and that each has authorized the use of an electronic signature on this document.

<u>*/s/ Catriona M. Lavery*</u>
Catriona M. Lave

CASE NO. 8:26-CV-00393-MWC-JDE
JOINT REPORT RE: FRCP RULE 26(f)

4896-9103-5330

# EXHIBIT A

## DISTRICT JUDGE MICHELLE WILLIAMS COURT
## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET
Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the court will set them.

| Case No. 8:26-cv-00393-MWC (JDEx) | Case Name: Ameris Bank v. Patrick Byrne | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Check one:   ☑ Jury Trial    or   ☐ Bench Trial<br>[Monday at 8:30 a.m. within 12-15 months of Scheduling Conference based on complexity]<br>Estimated Duration:   4 to 6   Days | | 10/18/2027 | The parties agree on the deadlines in Pltf's column. |
| Final Pretrial Conference ("FPTC" [L.R. 16], Hearing on Motions in Limine [Friday at 1:30 p.m. at least 19 days before trial] | | 09/24/2027 | |
| **Event** [1]<br>Note: Hearings shall be on Fridays at 1:30 p.m.[2]<br>Other dates can be any day of the week | **Time Computation**[3] | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Friday] | 6 weeks after scheduling conference | 09/04/2026 | |
| Fact Discovery Cut-Off<br>(no later than deadline for filing dispositive motion) | 24 weeks before FPTC | 04/09/2027 | |
| Expert Disclosure (Initial) | 23 weeks before FPTC | 04/16/2027 | |
| Expert Disclosure (Rebuttal) | 21 weeks before FPTC | 05/14/2027 | |
| Expert Discovery Cut-Off | 19 weeks before FPTC[4] | 06/11/2027 | |
| Last Date to Hear Motions [Friday]<br>• Parties shall take note of the Court's briefing schedule as set forth in the Civil Standing Order, found on Judge Court's website | 12 weeks before FPTC | 07/09/2027 | |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>Select one:   ☐ 1. Magistrate Judge (with Court approval)<br>          ☐ 2. Court Mediation Panel<br>          ☑ 3. Private Mediation | 10 weeks before FPTC | 07/16/2027<br>Select deadline | |
| Trial Filings (first round)<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | 4 weeks before FPTC | 08/27/2027 | |
| Trial Filings (second round)<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 weeks before FPTC | 09/10/2027 | |
| Other Dates (e.g. class cert motion cut-off, early mediation, etc ) | | | |

[1]  The parties may seek dates for additional events by filing a separate stipulation and proposed order.
[2]  By default, all hearings shall proceed in-person, unless a request is made by the parties and granted by the Court. Requests to appear via Zoom must be e-filed seven (7) days before the hearing, supported by a declaration establishing good cause, and must indicate that counsel has met and conferred per Local Rule 7-3
[3]  The numbers below represent the court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. But in every case, the last date to hear motions shall be no later than eight (8) weeks before the deadline for Trial Filings (First Round), and the deadline for Trial Filings (First Round) and Trial Filings (Second Round) must be no later than four (4) and two (2) weeks before the FPTC, respectively.
[4]  The parties may choose to cut off expert discovery prior to the deadline to file a motion for summary judgment.

10