Kirsten McCaw Grossman, Esq.
kgrossman@nfclegal.com
*Admitted Pro hac vice*
Moira Heiges-Goepfert, Esq. (SBN 326861)
mgoepfert@nfclegal.com
Stacy L. Fode, Esq. (SBN 199883)
sfode@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C.**
550 West C Street, Suite 910
San Diego, California 92101
Telephone: 619.292.0515
Facsimile:  619.566.4741

*Attorneys for Plaintiff*
AMERIS BANK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK BYRNE, an Individual,<br><br>Defendant. | Case No. 8:26-cv-00393-MWC (JDEx)<br><br>**APPLICATION FOR LEAVE TO FILE UNDER SEAL PLAINTIFF AMERIS BANK'S TRADE SECRET IDENTIFICATION STATEMENT PURSUANT TO CIVIL CODE § 3426.5** |

Pursuant to Civil L.R. 79-5.2.2, Plaintiff Ameris Bank ("Ameris") hereby moves this Court to grant this Application for Leave to File Under Seal Ameris Bank's Trade Secret Identification Statement ("Sealing Application") as provided by Civil Code § 3426.5. As described herein, the Sealing Application is intended to preserve the secrecy of the trade secrets and other confidential and proprietary identified in the Trade Secret Identification Statement.

Ameris submits this Sealing Application together with the Declaration of Kirsten McCaw Grossman ("Grossman Decl.") filed under seal concurrently herewith, the [Proposed] Order attached hereto, and Ameris's Trade Secret Identification Statement ("TSIS").

Plaintiff sought the consent of defense counsel in connection with the filing of this application on August 6, 2026.  Today, defense counsel advised that they were unable to take a position on the Sealing Application until they reviewed the submission.

## I.   BACKGROUND

Under the California Uniform Trade Secrets Act ("CUTSA"), Plaintiff is required to identify or designate the trade secrets at issue with "reasonable particularity." Cal. Code of Civ. Proc. § 2019.210; *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 835 (2005). California Civil Code § 3426.5 allows a party to file its TSIS under seal in order to "preserve the secrecy of an alleged trade secret by reasonable means."

Plaintiff's TSIS contains detailed information regarding the documents that Defendant Patrick Byrne ("Defendant" or "Byrne") misappropriated, trade secret details contained in the misappropriated documents, the background of the trade secrets and description of their independent, actual or potential economic value, and a description of the reasonable efforts to maintain the secrecy of the trade secrets. As alleged in its Amended Complaint, Ameris contends that Byrne engaged in misappropriation by, inter alia, emailing such confidential, proprietary and trade secret information to his personal

email account with the intent to permanently acquire it, and then refusing to return, and later using, such information after termination, without Ameri's authorization and in violation of his contractual obligations to Ameris and applicable law. Am. Compl. ¶¶ 3-4, 35-56, 64-119.

Disclosure of this information would harm Ameris by giving competitors access to confidential information and enabling potential information security breaches. Declaration of Kirsten Grossman in Support of Application for Leave to File Under Seal Ameris's TSIS ("Grossman Decl.") ¶ 9-10. As a highly regulated financial institution, Ameris is committed to exercising the upmost care in protecting its data (including sensitive and confidential customer and employee information) from improper disclosure or breach. *Id.* ¶ 7. Given the significant risks of revealing or otherwise compromising Ameris's confidential, proprietary and trade secret information, including a data breach resulting from Bryne's actions (whether pursuant to a targeted hacking effort, mass data breach or otherwise), Ameris requests that the TSIS be permanently sealed to prevent further improper disclosure of such confidential information. *Id.* ¶ 9-10.

## II. LEGAL STANDARD

CUTSA section 2019.210 requires a plaintiff "to identify or designate the trade secrets at issue with 'reasonable particularity' to limit the permissible scope of discovery by distinguishing the trade secrets 'from matters of general knowledge in the trade or of special knowledge of those persons ... skilled in the trade.'" *Advanced Modular Sputtering*, 132 Cal. App. 4th at 835. While Section 2019.210 does not explicitly **require** a Plaintiff alleging a CUTSA claim to file its TSIS under seal, it does "contemplate[] the need for such a procedure." *Loop AI Labs Inc. v. Gatti*, 195 F. Supp. 3d 1107, 1111 (N.D. Cal. 2016). Specifically, California Civil Code Section 3426.5 requires a court to "preserve the secrecy of an alleged trade secret by reasonable means," including granting protective orders, holding in camera hearings, and sealing records. *See also Soc. Apps, LLC v. Zynga, Inc.*, No. 4:11–CV–04910 YGR, 2012 WL 2203063, at *5 (N.D. Cal. June

14, 2012) ("[t]he Court is mindful that an identification of the trade secrets at issue might require a protective order or sealing order…")

Additionally, Federal Rule of Civil Procedure 26(c)(1) authorizes a court to issue an order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense," including to ensure that, for good cause shown, "confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1). Good cause is established on a showing that disclosure will result in a clearly defined and serious injury to the party seeking closure. *Pansy v. Borough of Stroudsburg*, 23 F3d 772, 786 (3rd Cir. 1994). The "good cause" standard applies to sealing of private materials unearthed during discovery that are not part of the judicial record. *See Pintos v. Pacific Creditors Ass'n*, 605 F3d 665, 678 (9th Cir. 2010). The Court also has inherent power over its own records, even when a right of public access exists, and courts have refused to permit their files to serve as sources of business information that might harm a litigant's competitive standing. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Finally, the Court's Order Setting a Scheduling Conference, which requires plaintiffs asserting trade secret claims to file a trade secret information statement, also recognizes that sealing may be "appropriate" to protect confidential information contained in such a statement. ECF No. 28.

While protecting the public's interest in access to the courts, courts must be mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interests. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013). If the information at issue constitutes confidential business or financial information, filing the documents under seal is appropriate to prevent harm. *See Virun, Inc. v. Cymbiotika, LLC*, No. 822CV00325, 2022 WL 17401698, at *2 (C.D. Cal. Aug. 19, 2022); *Nixon*, 435 U.S. at 598. Further, courts have held that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest. *Activision Publ'g, Inc. v. EngineOwning* UG, No. CV 2:22-CV-00051-MWF (JCX), 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023).

/ / /

/ / /

### III.    COMPELLING REASONS EXIST TO SEAL THAT OUTWEIGH THE PUBLIC'S INTEREST IN DISCLOSURE

The Court should grant Ameris's Sealing Application because it seeks to protect highly-sensitive and non-public information regarding the documents misappropriated by Byrne contained in the TSIS. Specifically, the TSIS includes the specific types of trade secret information contained in the documents misappropriated by Byrne (including customer, employee and vendor financials, Personally Identifiable Information ("PII") and internal financial and strategy documents). The TSIS also includes specific details regarding the background of each trade secret and the description of the trade secret's independent, actual or potential economic value, including how Ameris uses the trade secret and how such information could be misused by Ameris's competitors to disadvantage Ameris. Finally, the TSIS describes in detail Ameris's reasonable efforts to maintain the secrecy of the trade secrets. Grossman Decl. ¶ 7. The disclosure of this information would significantly harm Ameris by allowing competitors access to its confidential financial information and strategies, and insight that the competitors would otherwise not have access to. If such information is disclosed to the public, competitors would gain an unearned competitive advantage as the information could be used as benchmarks for their own operations, which would compromise Ameris' ability to protect its long-developed business strategies. *Id*. ¶ 9.

Additionally, Ameris seeks to prevent the exploitation of cybersecurity vulnerabilities arising from Byrne's alleged misappropriation. Given the risks of a data breach resulting from Bryne's alleged actions, Ameris requests that the TSIS be sealed to prevent further improper disclosure of the specific documents and information misappropriated by Byrne. *Id*. ¶ 10.

As a regulated bank, Ameris is subject to a series of federal and state statutes, regulations, guidances and orders that govern its use and maintenance of nonpublic

consumer data.  Am. Compl. ¶¶ 27-29. This includes, without limitation, Title V, Subtitle A of the Gramm-Leach-Bliley Act, Financial Services Modernization Act of 1999, 15 U.S.C. § 6901 *et seq.*; 12 CFR Part 1016 *et seq.*, Privacy of Consumer Financial Information; and the California Consumer Privacy Act, California Civil Code §§1798.100-199 together with its implementing regulations at 11 California Code of Regulations §§ 7000 *et seq.*, which, inter alia, prohibit financial institutions like Ameris from disclosing nonpublic personal information to nonaffiliated third parties, unless the institution satisfies various notice and opt-out requirements. *Id.* To protect employee and customer data against improper disclosure or misuse, Ameris has adopted robust information security policies and protocols, including using encryption programs, secured portal access, network surveillance, regular auditing and extensive employee training, among other practices.  Grossman Decl. ¶ 7.

In order to protect the privacy of hundreds of non-party employees and customers whose information is included in the documents that Byrne misappropriated and discussed in Ameris's TSIS, and to comply with its obligations under applicable financial and consumer privacy laws, Ameris respectfully requests sealing its TSIS. If publicly disclosed, the TSIS would pose a material cybersecurity risk to Ameris, its vendors, its employees, and customers. *Id*. ¶ 10. Given the sensitivity of the underlying information (including employee and customer PII and other private, personal data), as well as the inclusion of confidential and proprietary information regarding Ameris's business, compelling reasons exist to overcome the presumption of public access. *Id*. ¶ 12.

These facts, describing the value of the trade secrets and the efforts to ensure their secrecy (impacting not only Ameris but hundreds of its non-party employees and customers), readily satisfy Ameris's burden to demonstrate good cause for sealing. Considering Ameris' demonstrated strong interest in keeping its confidential business and financial information sealed, and the public's relatively minimal interest in this particular information at this non-dispositive stage, the Court should order Ameris's TSIS sealed. *Id*. ¶ 13.

## IV.   CONCLUSION

Pursuant to Civil L.R. 79-5.2.2 *et seq.*, Ameris submits, together with the Grossman Declaration, the proposed Trade Secret Identification Statement to be filed under seal. Ameris respectfully requests that its Sealing Application be granted.

Dated:  August 12, 2026                    **NUKK-FREEMAN & CERRA**


By:     */s/ Kirsten McCaw Grossman*
                    _____
                    Kirsten McCaw Grossman, Esq.
                    Moira Heiges-Goepfert, Esq.
                    Stacy L. Fode, Esq.
                    *Attorney for Plaintiff*
                    AMERIS BANK