ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
MATTHEW T. SESSIONS (BAR NO. 307098)
STACEY A. VILLAGOMEZ (BAR NO. 317081)
CATRIONA M. LAVERY (BAR NO. 310546)
2010 Main Street, 8th Floor
Irvine, California 92614-7214
Phone: (949) 553-1313
Fax: (949) 553-8354
E-Mail: msessions@allenmatkins.com
svillagomez@allenmatkins.com
clavery@allenmatkins.com

Attorneys for Defendant
PATRICK BYRNE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia corporation,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK BYRNE, an individual,<br><br>Defendant. | Case No. 8:26-cv-00393-MWC-JDE<br><br>ASSIGNED FOR ALL PURPOSES TO: Judge Michelle Williams Court<br><br>**ANSWER TO AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## ANSWER

Defendant Patrick Byrne ("Defendant" or "Byrne") hereby answers the allegations set forth in the Amended Complaint filed by Plaintiff AMERIS BANK ("Plaintiff" or "Ameris") and admits, denies, and alleges as follows:

## INTRODUCTION

1. Defendant admits that Patrick Byrne is a former employee and was formerly employed as CEO of Ameris's Balboa Division ("Balboa"), which Byrne previously owned and sold, through his trusts, to Ameris in December 2021 for approximately $187 million. Defendant admits that Ameris hired him pursuant to an Employment Agreement and a compensation package that resulted in Ameris paying Byrne millions of dollars in compensation during the approximately two and a half years he was employed by Ameris. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations set forth in Paragraph 1, and on that basis denies each remaining allegation contained therein.

2. Defendant admits that Ameris had policies and procedures during his employment regarding the confidentiality of certain Ameris information. The remaining allegations set forth in Paragraph 2 contain legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations set forth in Paragraph 2, and on that basis denies each allegation contained therein.

3. Defendant admits that he emailed certain documents to his personal email account during the course of his employment at Ameris, as was a common practice amongst other Ameris employees, and that Ameris never instructed him to stop or disciplined him for this conduct. The remaining allegations set forth in Paragraph 3 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining

allegations set forth in Paragraph 3, and on that basis denies each allegation contained therein.

4. The allegations set forth in Paragraph 4 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 4, and on that basis denies each allegation contained therein.

5. Defendant denies that his "actions," as Defendant best understands the term as used in Paragraph 5, were not authorized by Ameris or were not necessary for the performance of his job. Defendant admits that he retained certain Ameris documents for purposes of preserving evidence, evaluating and pursuing his claims against Ameris, and assisting his counsel in related litigation against Ameris. Defendant denies that he retained Ameris documents for personal business interests.

6. The allegations set forth in Paragraph 6 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 6, and on that basis denies each allegation contained therein.

7. Defendant denies the allegations set forth in Paragraph 7.

8. Defendant admits that Ameris has demanded the return or destruction of documents. Defendant admits that he testified in his prior lawsuit against Ameris. *See Patrick Byrne v. Ameris Bank*, No. 8:24-cv-01989-MWC-JDE (C.D. Cal.) (the "Prior Action"). Defendant denies the characterization of his testimony. Defendant denies that he has repeatedly and categorically refused to return or destroy Ameris documents or an Ameris laptop without explanation or justification. Defendant denies the allegation that he "knew that doing so would have expedited Ameris's discovery of his theft." Defendant lacks sufficient knowledge and information to

form a belief as to the truth of the remaining allegations set forth in Paragraph 8, and on that basis denies each remaining allegation contained therein.

9. The allegations set forth in Paragraph 9 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies that his conduct was deliberate or unlawful. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations set forth in Paragraph 9, and on that basis denies each allegation contained therein.

**PARTIES**

10. Defendant admits the allegations set forth in Paragraph 10 on information and belief.

11. Defendant admits the allegations set forth in Paragraph 11.

**JURISDICTION AND VENUE**

12. Defendant admits that he resides in California and admits, on information and belief, that Ameris is a Georgia corporation with its principal place of business in Atlanta, Georgia. The remainder of Paragraph 12 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations set forth in Paragraph 12, and on that basis denies each allegation contained therein.

13. Paragraph 13 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 13, and on that basis denies each allegation contained therein.

14. Paragraph 14 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 14, and on that basis denies each allegation contained therein.

15. Defendant admits that Defendant resides in the Central District of California. The remaining allegations set forth in Paragraph 15 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations set forth in Paragraph 15, and on that basis denies each allegation contained therein.

16. Defendant admits that Defendant resides in and has worked in the Central District of California. The remaining allegations set forth in Paragraph 16 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations set forth in Paragraph 16, and on that basis denies each allegation contained therein.

## PURPORTED GENERAL ALLEGATIONS

### Purported Allegations: The Sale of Balboa to Ameris and Byrne's Employment with Ameris

17. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 17, and on that basis denies each allegation contained therein.

18. Paragraph 18 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 18, and on that basis denies each allegation contained therein.

19. Defendant admits the allegations set forth in Paragraph 19.

20. Defendant admits the allegations set forth in Paragraph 20.

21. Defendant admits the allegations set forth in Paragraph 21.

22. Defendant admits the allegations set forth in Paragraph 22.

23. Defendant admits the allegations set forth in Paragraph 23.

24. Defendant admits the allegations set forth in Paragraph 24.

25. Defendant admits the allegations set forth in Paragraph 25.

26. Defendant admits that Defendant became an employee of Ameris after the acquisition of Balboa. The remaining allegations set forth in Paragraph 26 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations set forth in Paragraph 26, and on that basis denies each allegation contained therein.

**Purported Allegations: Byrne's Access to Ameris's Confidential, Proprietary and Trade Secret Information**

27. The allegations set forth in Paragraph 27 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 27, and on that basis denies each allegation contained therein.

28. The allegations set forth in Paragraph 28 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 28, and on that basis denies each allegation contained therein.

29. The allegations set forth in Paragraph 29 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 29, and on that basis denies each allegation contained therein.

30. Defendant admits that, as an employee of Ameris, he had access to information necessary to perform his job duties. Defendant admits that he accepted a Confidential Information Agreement as part of his online onboarding at Ameris that includes the language quoted in footnote 1. The remaining allegations set forth in

Paragraph 30 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 30, and on that basis denies each allegation contained therein.

31. Defendant admits that, as an employee of Ameris, he had access to information necessary to perform his job duties. The remaining allegations set forth in Paragraph 31 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 31, and on that basis denies each allegation contained therein.

32. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 32, and on that basis denies each allegation contained therein.

33. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 33, and on that basis denies each allegation contained therein.

34. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 34, and on that basis denies each allegation contained therein.

**Purported Allegations: Byrne's Contractual Obligations to Safeguard Ameris's Confidential, Proprietary and Trade Secret Information**

35. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 35, and on that basis denies each allegation contained therein.

36. Defendant admits that he periodically acknowledged Ameris policies and procedures as part of his employment with Ameris. The remaining allegations set forth in Paragraph 36 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant

lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 36, and on that basis denies each allegation contained therein.

37. Defendant admits that Defendant accepted a Confidential Information Agreement as part of his online onboarding process at Ameris that contains the language quoted in Paragraph 37. The remaining allegations set forth in Paragraph 37 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 37, and on that basis denies each allegation contained therein.

38. Defendant admits the Confidential Information Agreement contains the language quoted in Paragraph 38. The remaining allegations set forth in Paragraph 38 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 38, and on that basis denies each allegation contained therein.

39. Defendant admits the Confidential Information Agreement contains the language quoted in Paragraph 39. The remaining allegations set forth in Paragraph 39 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 39, and on that basis denies each allegation contained therein.

40. Defendant admits the Confidential Information Agreement contains the language quoted in Paragraph 40. The remaining allegations set forth in Paragraph 40 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 40, and on that basis denies each allegation contained therein.

41. Defendant admits the Confidential Information Agreement contains the language quoted in Paragraph 41(b)–(c). Defendant denies the allegations set forth in Paragraph 41(a), which misquotes subdivision (a).

42. The allegations set forth in Paragraph 42 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant admits that the Confidential Information Agreement states: "In the event Ameris Bank utilizes the services of an in-house or outside attorney for the purposes of enforcing any of the provisions of this Agreement, Ameris Bank shall be entitled to recover its attorney's fees, costs, and expenses of such enforcement efforts, in addition to all damages and other remedies recoverable by Ameris Bank." Defendant notes that any provision in the Confidential Information Agreement providing for attorney fees or costs is reciprocal under Cal. Civ. Code § 1717.

43. Defendant admits that he accepted an Acceptable Use Policy as part of his online onboarding at Ameris. The remaining allegations set forth in Paragraph 43 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 43, and on that basis denies each allegation contained therein.

44. Defendant admits the Acceptable Use Policy contains the language quoted in Paragraph 44. The remaining allegations set forth in Paragraph 44 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 44, and on that basis denies each allegation contained therein.

45. Defendant admits the Acceptable Use Policy contains the language quoted in Paragraph 45. The remaining allegations set forth in Paragraph 45 contain legal conclusions, arguments, and characterizations to which no response is required.

To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 45, and on that basis denies each allegation contained therein.

46. The allegations set forth in Paragraph 46 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 46, and on that basis denies each allegation contained therein.

47. Defendant admits the Acceptable Use Policy contains the language quoted in Paragraph 47. The remaining allegations set forth in Paragraph 47 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 47, and on that basis denies each allegation contained therein.

48. Defendant admits the Acceptable Use Policy contains the language quoted in Paragraph 48. The remaining allegations set forth in Paragraph 48 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 48, and on that basis denies each allegation contained therein.

49. The allegations set forth in Paragraph 49 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 49, and on that basis denies each allegation contained therein.

50. The allegations set forth in Paragraph 50 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form

a belief as to the truth of the allegations set forth in Paragraph 50, and on that basis denies each allegation contained therein.

51. Defendant admits that Defendant received Ameris's Code of Business Conduct and Ethics ("Code of Conduct") as part of his online onboarding at Ameris. The remaining allegations set forth in Paragraph 51 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 51, and on that basis denies each allegation contained therein.

52. Defendant admits the Code of Conduct contains the language quoted in Paragraph 52. The remaining allegations set forth in Paragraph 52 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 52, and on that basis denies each allegation contained therein.

53. Defendant admits the Code of Conduct contains the language quoted in Paragraph 53. The remaining allegations set forth in Paragraph 53 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 53, and on that basis denies each allegation contained therein.

54. Defendant admits the Code of Conduct contains the language quoted in Paragraph 54. The remaining allegations set forth in Paragraph 54 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 54, and on that basis denies each allegation contained therein.

55. Defendant admits that he, through his trusts, received approximately $187 million in connection with the sale of Balboa to Ameris. Defendant admits that Ameris hired him pursuant to an Employment Agreement and a compensation package that resulted in Ameris paying Byrne compensation in the millions of dollars during the approximately two and a half years he was employed by Ameris. The remaining allegations set forth in Paragraph 55 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 55, and on that basis denies each allegation contained therein.

56. Defendant denies the allegations set forth in Paragraph 56. Defendant specifically denies that he violated or bypassed the referenced policies or agreements, that he lacked authorization for the conduct alleged, such as using personal email in the course of his job duties, or that the information and documents at issue constitute confidential, proprietary, or trade secret information as alleged.

**<u>Purported Allegations: Other Measures Taken By Ameris to Protect Its Confidential, Proprietary and Trade Secret Information</u>**

57. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 57, and on that basis denies each allegation contained therein.

58. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 58, and on that basis denies each allegation contained therein.

59. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 59, and on that basis denies each allegation contained therein.

60. Defendant admits that he underwent training in connection with his onboarding at Ameris and periodically thereafter. The remaining allegations set forth

in Paragraph 60 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 60, and on that basis denies each allegation contained therein.

61. Defendant denies the allegations set forth in Paragraph 61, including Ameris's characterization of the referenced policy and training. Defendant further denies that his conduct violated any applicable confidentiality policy or was undertaken without Ameris's authorization or consent.

62. Defendant denies the allegations set forth in Paragraph 62.

63. Defendant admits that, during his employment with Ameris, he understood that he was required to maintain the confidentiality of information subject to applicable confidentiality obligations. Defendant denies that all information Ameris characterizes in this action as confidential, proprietary, or trade secret information qualifies as such. Except as expressly admitted, Defendant denies the allegations set forth in Paragraph 63.

**Purported Allegations: Ameris Discovers That Byrne Violated His Obligations to Maintain the Secrecy and Security of Confidential, Proprietary and Trade Secret Information During the Course of his Wrongful Termination Lawsuit**

64. Defendant admits that Ameris sent him a letter on June 27, 2024 terminating his employment with an effective date of June 30, 2024.

65. Defendant admits the allegations set forth in Paragraph 65.

66. Defendant admits the allegations set forth in Paragraph 66.

67. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 67, and on that basis denies each allegation contained therein.

68. Defendant admits that he sent emails from his Ameris email account to his personal email account. Defendant denies that he sent Ameris trade secrets from his Ameris email account to his personal email account. The remaining allegations

set forth in Paragraph 68 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations set forth in Paragraph 68, and on that basis denies each allegation contained therein.

69. Defendant admits that he sent emails from his Ameris email account to his personal email account, which included reports, distributions, and documents from Ameris meetings in which Defendant was involved. Defendant denies that he sent Ameris trade secrets or social security numbers from his Ameris email account to his personal email account. The remaining allegations set forth in Paragraph 69 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations set forth in Paragraph 69, and on that basis denies each allegation contained therein.

70. Defendant admits that, in addition to documents sent to his personal email address in the ordinary course of his employment, he sent certain documents to himself to support his claim for additional LTIP compensation and intended to retain those documents for use or reference in the Prior Action. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 70.

71. Defendant admits that on May 7, 2022, he sent an email to his personal email account attaching a spreadsheet entitled “Copy of Declines Q1 2022 with tabs.xlsx.” Defendant denies Ameris’s characterization of that information as “highly sensitive.” Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 71.

72. Defendant admits that on June 17, 2022, he sent an email to his personal email account attaching a spreadsheet entitled “EarlyPaymentDefaultReport.xlsx.” Defendant denies that the information was “highly sensitive” or that the commentary

was attorney-client privileged as alleged. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 72.

73. Defendant admits that he sent a file to his personal email account on the date alleged with the file name alleged. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 73.

74. Defendant admits that on March 10, 2022, March 11, 2022, March 30, 2022, April 6, 2022, April 13, 2022, April 27, 2022, May 4, 2022, and August 24, 2022, Byrne sent emails to his personal email account, attaching spreadsheets entitled "LegalMetrics.xlsx." Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 74.

75. Defendant admits that he sent a file to his personal email account on the date alleged with the file name alleged. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 75.

76. Defendant admits that he sent a file to his personal email address entitled "Top Vendors AUG 8-31-22.xls." Defendant denies that this email was sent on the date alleged. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 76.

77. Defendant admits that on July 18, 2023, Byrne sent an email to his personal email account attaching a Statement of Work from an Ameris vendor for a risk modeling project. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 77.

78. Defendant admits that on August 28, 2023, he sent an email attaching a spreadsheet entitled "Tax Refunds and Settlement.xlsx." Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 78.

79. Defendant denies the allegations set forth in Paragraph 79.

80. Defendant admits that on January 25, 2024, Byrne sent an email to his personal email account. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 80.

81. Defendant admits that on March 8, 2024, he sent an email to his personal email account regarding Robert Rasmussen. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 81.

82. Defendant admits that he retained certain Ameris documents relating to compensation for purposes of preserving evidence, evaluating and pursuing his claims against Ameris, and assisting his counsel in related litigation against Ameris. Defendant denies that he retained Ameris documents for personal use, including future business endeavors. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 82.

83. Defendant admits that he sent an email to his personal email account on the date alleged. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 83.

84. Defendant admits that he sent documents from his Ameris email account to his personal email account relating to compensation on the date alleged. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 84.

85. Defendant admits that his counsel at the time made a production of documents to Ameris on or about September 20, 2025. The remaining allegations set forth in Paragraph 85 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 85, and on that basis denies each allegation contained therein.

86. Defendant denies the allegations set forth in Paragraph 86, including that he misappropriated Ameris documents, selectively produced documents based on his litigation objectives, or improperly withheld documents.

87. Defendant admits that his document production did not include the emails forwarding documents from his Ameris email account to his personal email account. Defendant denies that this omission was an attempt to conceal how he came

to possess the documents. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 87.

88. Defendant admits that his counsel at the time made a production of documents to Ameris on or about December 1, 2025. The remaining allegations set forth in Paragraph 88 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 88, and on that basis denies each allegation contained therein.

89. Defendant admits that Ameris took his deposition on or about October 27, 2025. Defendant disputes the characterization of his testimony. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 89.

90. Defendant admits that he testified during his deposition that he had saved certain Ameris documents on his personal computer and had stored "things in the cloud." Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 90.

91. Defendant admits that Ameris took his deposition on or about October 27, 2025. Defendant disputes the characterization of his testimony. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 91.

92. Defendant admits that he understood that Ameris's exit email included: "Make sure any company property, including keys, cards, fobs, building access cards, credit cards, uniforms, confidential manuals, docking station, monitor, cell phone, laptop, etc. are returned to your manager." Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 92.

93. Defendant admits that he gave the quoted testimony during his deposition. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 93.

94. Defendant denies the allegations set forth in Paragraph 94.

95. Defendant admits that he gave the quoted testimony during his deposition. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 95.

96. Defendant denies that Paragraph 96 accurately characterizes his deposition testimony.

97. Defendant denies that Paragraph 97 accurately characterizes his deposition testimony.

98. Defendant admits that an exit email from Ameris included: "Make sure any company property, including keys, cards, fobs, building access cards, credit cards, uniforms, confidential manuals, docking station, monitor, cell phone, laptop, etc. are returned to your manager." Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 98.

99. Defendant denies that Paragraph 99 accurately characterizes his deposition testimony.

100. Defendant admits that he testified that he had provided his then-counsel, Esperanza Anderson, with Ameris documents he had forwarded to his personal email account for use in the Prior Action. Defendant admits that his deposition testimony included the phrases quoted in Paragraph 100. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 100.

101. Defendant admits that Ameris took his deposition on or about October 27, 2025. Defendant disputes the characterization of his testimony. The remaining allegations set forth in Paragraph 101 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 101, and on that basis denies each allegation contained therein.

102. Paragraph 102 implicates communications protected by the attorney-client privilege or information protected by the work-product doctrine. Defendant expressly preserves those protections and does not disclose the substance of any protected communications or information in this response. To the extent a response is required, Denies the allegations set forth in Paragraph 102.

103. Defendant admits that he testified in the Prior Action that he "was sending documents that are used in this … lawsuit … to … prove my point as a whistleblower." Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 103.

**Purported Allegations: Byrne Refuses Ameris's Efforts to Recover Its Confidential, Proprietary and Trade Secret Information and the Ameris Laptop He Retained**

104. Defendant admits that an exit email from Ameris included: "Make sure any company property, including keys, cards, fobs, building access cards, credit cards, uniforms, confidential manuals, docking station, monitor, cell phone, laptop, etc. are returned to your manager." Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 104.

105. Defendant admits that he did not return the laptop. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 105.

106. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 106, and on that basis denies each allegation contained therein.

107. Defendant admits that Ameris requested the return of Ameris property. Defendant admits that he, through counsel, told Ameris that he did not have an Ameris laptop or other items listed in Ameris's letters to his counsel in his possession. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 107.

108. Defendant admits that he did not return the laptop and that he does not know what happened to it.

109. Defendant admits that Ameris's counsel sent correspondence to Byrne's then-counsel, Ms. Anderson, asserting confidentiality obligations and demanding that he identify and return documents and property, including documents allegedly not produced in discovery. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 109.

110. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 110, and on that basis denies each allegation contained therein.

111. Defendant admits the allegations set forth in Paragraph 111.

112. Defendant admits that Ms. Anderson's correspondence contains the quoted statement. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations set forth in Paragraph 112, and on that basis denies each allegation contained therein.

113. Defendant admits that Ameris's counsel sent correspondence dated November 17, 2025 to his then-counsel. Defendant disputes Ameris's characterization of the correspondence because Paragraph 113 misquotes the document. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 113.

114. Defendant admits that the deadline for fact discovery in his wrongful termination lawsuit against Ameris was November 28, 2025. Defendant denies the remaining allegations set forth in Paragraph 114.

115. Defendant denies the allegations set forth in Paragraph 115. To the extent this paragraph implicates communications protected by the attorney-client privilege or information protected by the work-product doctrine, Defendant expressly preserves those protections and does not disclose the substance of any protected communications or information in this response.

116. Defendant admits he testified in his wrongful termination trial against Ameris in June 2026 and admits that his testimony contained the language quoted in Paragraph 116. Defendant disputes the characterization of his testimony. Defendant further disputes the final sentence of Paragraph 116 because the quoted response was given in response to a question from Ameris's counsel, not Byrne's.

117. Defendant denies the allegations set forth in Paragraph 117, including that his testimony was false, that neither he nor his counsel proposed returning, deleting, or destroying documents, or that he continually refused to return documents. Defendant admits that he used the word "absolutely" in his trial testimony but denies Ameris's characterization of that testimony.

118. Defendant admits that, on or about June 30, 2026, after the conclusion of the trial in Defendant's wrongful termination case against Ameris, Ameris's counsel emailed his counsel to request a meet and confer. Defendant admits that counsel held a meet and confer on or about July 2, 2026. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 118.

119. Defendant denies the allegations set forth in Paragraph 119.

120. Defendant admits that, on or about July 29, 2026, Ameris's counsel wrote to his counsel reiterating a demand for the return of documents and requesting agreement to a forensic protocol. Defendant denies that he misappropriated documents or that the proposed forensic protocol was reasonable. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 120.

**Purported Allegations: Ameris Has Reason to Believe that Byrne Has Disclosed, and May Continue to Disclose, Confidential, Proprietary and Trade Secret Information Without Ameris's Knowledge or Authorization**

121. Defendant admits that Deborah Dickson served as his economic expert in his lawsuit against Ameris and that her file was served on Ameris's counsel on January 13, 2026. Defendant lacks knowledge or information sufficient to form a

belief as to the date Ameris actually received the file and, on that basis, denies the allegation concerning actual receipt.

122. Defendant admits that the file contained emails from Jacqueline Emert to his expert dated November 25, 2025, and December 18, 2025, attaching spreadsheets, including a pricing model, that were produced in the Prior Action. Defendant denies the characterization of the pricing model as confidential. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 122.

123. Defendant denies that he improperly disclosed the document to Emert. To the extent this paragraph implicates communications protected by the attorney-client privilege or information protected by the work-product doctrine, Defendant expressly preserves those protections and does not disclose the substance of any protected communications or information in this response. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 123.

124. Defendant admits that Emert, through the same counsel representing Defendant in this matter, sent Ameris a letter requesting her personnel records. Defendant denies that he has improperly disclosed or will improperly disclose Ameris's confidential, proprietary, or trade secret information to Emert. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 124.

125. Defendant admits that he testified that he emailed certain compensation-related documents to his personal email account for use in the Prior Action. Defendant admits that his deposition testimony included the phrase "150 other people." Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 125.

126. Defendant denies the allegations set forth in Paragraph 126.

127. Defendant admits that, on or about July 28, 2026, his counsel issued a press release that included the language quoted in Paragraph 127. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 127.

128. Defendant denies the allegations set forth in Paragraph 128. Defendant expressly preserves the attorney-client privilege and work-product protection with respect to any protected communications or litigation preparation implicated by these allegations.

**Purported Allegations: Byrne Has Also Used and Will Continue to Use Ameris' Confidential Information for His Own Business Purposes**

129. Defendant denies the allegations set forth in Paragraph 129.

130. Defendant admits the allegations set forth in Paragraph 130.

131. Defendant admits that Maddie Lucas and Nic Olmedo were previously employees of Ameris and currently work for his new business. Defendant denies that he used Ameris's confidential employee information to recruit them or to develop his business. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 131.

132. Defendant denies the allegations set forth in Paragraph 132.

133. Defendant denies the allegations set forth in Paragraph 133.

**Purported Allegations: Ameris Is at Risk of a Serious Data Breach Due to Byrne's Misconduct**

134. Defendant denies the allegations set forth in Paragraph 134.

135. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 135, and on that basis denies each allegation contained therein.

136. Defendant denies the allegations set forth in Paragraph 136.

137. Defendant denies the allegations set forth in Paragraph 137.

138. The allegations set forth in Paragraph 138 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a

response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 138, and on that basis denies each allegation contained therein.

**Purported Allegations: COUNT I**

**Breach of Contract**

139. Defendant re-alleges his responses and incorporates by reference every single paragraph in this Answer as if set forth in full. To the extent Ameris bases its breach of contract claim on Defendant's Employment Agreement, the Court dismissed the breach of contract claim as to the Employment Agreement without leave to amend. *See* Dkt. 33.

140. Defendant admits that he accepted a Confidential Information Agreement and an Acceptable Use Policy as part of his online onboarding at Ameris. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 140.

141. Defendant denies the allegations set forth in Paragraph 141.

142. Defendant denies the allegations set forth in Paragraph 142.

143. Defendant denies the allegations set forth in Paragraph 143.

144. Defendant denies that he materially breached any agreement with Ameris. Defendant incorporates his preceding responses admitting certain instances of emailing, storing, and retaining documents and his failure to return the Ameris laptop. Except as expressly admitted in those responses, Defendant denies the remaining allegations set forth in Paragraph 144.

145. Defendant denies the allegations set forth in Paragraph 145.

146. Defendant denies the allegations set forth in Paragraph 146.

**Purported Allegations: COUNT II**

**Misappropriation in Violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1832 et seq.**

147. Defendant re-alleges his responses and incorporates by reference every single paragraph in this Answer as if set forth in full.

148. Paragraph 148 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that the DTSA includes the language quoted in Paragraph 148.

149. Paragraph 149 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that the DTSA includes the language quoted in Paragraph 149.

150. Paragraph 150 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that the DTSA includes the language quoted in Paragraph 150.

151. The allegations set forth in Paragraph 151 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 151, and on that basis denies each allegation contained therein.

152. The allegations set forth in Paragraph 152 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 152, and on that basis denies each allegation contained therein.

153. The allegations set forth in Paragraph 153 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form

a belief as to the truth of the allegations set forth in Paragraph 153, and on that basis denies each allegation contained therein.

154. The allegations set forth in Paragraph 154 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 154, and on that basis denies each allegation contained therein.

155. The allegations set forth in Paragraph 155 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 155, and on that basis denies each allegation contained therein.

156. Defendant admits that he had access to Ameris business information during his employment and was subject to applicable confidentiality obligations. Defendant denies that the information at issue constitutes trade secrets. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 156.

157. Defendant admits that Ameris had policies and procedures during his employment regarding the confidentiality of certain Ameris information. Defendant denies that he violated applicable policies or that the information at issue constitutes trade secrets. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 157.

**Purported Allegations: Improper Acquisition**

158. Defendant denies the allegations set forth in Paragraph 158.

159. Defendant denies the allegations set forth in Paragraph 159.

160. Defendant denies the allegations set forth in Paragraph 160.

161. Defendant denies the allegations set forth in Paragraph 161.

162. Defendant denies the allegations set forth in Paragraph 162.

163. Defendant denies that he improperly acquired, used, or disclosed any Ameris trade secrets. The allegations set forth in Paragraph 163 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 163, including that he improperly acquired, used, or disclosed any Ameris trade secrets.

**Purported Allegations: Unauthorized Disclosure or Use**

164. Defendant denies the allegations set forth in Paragraph 164.

165. Defendant denies the allegations set forth in Paragraph 165.

166. Defendant denies the allegations set forth in Paragraph 166.

167. Defendant denies the allegations set forth in Paragraph 167.

168. Defendant denies the allegations set forth in Paragraph 168.

169. Defendant denies the allegations set forth in Paragraph 169.

**Purported Allegations: COUNT III**

**Misappropriation in Violation of Cal. Civ. Code §§ 3426 et seq. ("CUTSA")**

170. Defendant re-alleges his responses and incorporates by reference every single paragraph in this Answer as if set forth in full.

171. Paragraph 171 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that the CUTSA includes the language quoted in Paragraph 172.

172. Paragraph 172 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that the CUTSA includes the language quoted in Paragraph 172.

173. Paragraph 173 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that the CUTSA includes the language quoted in Paragraph 173.

174. Paragraph 174 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that the CUTSA includes the language quoted in Paragraph 174.

175. The allegations set forth in Paragraph 175 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 175, and on that basis denies each allegation contained therein.

176. The allegations set forth in Paragraph 176 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 176, and on that basis denies each allegation contained therein.

177. The allegations set forth in Paragraph 177 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 177, and on that basis denies each allegation contained therein.

178. The allegations set forth in Paragraph 178 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 178, and on that basis denies each allegation contained therein.

179. The allegations set forth in Paragraph 179 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 179, and on that basis denies each allegation contained therein.

180. Defendant admits that Ameris had policies and procedures during his employment regarding the confidentiality of certain Ameris information. Defendant denies that he violated those policies or that the information at issue constitutes trade secrets. Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 180.

**Purported Allegations: Improper Acquisition**

181. Defendant denies the allegations set forth in Paragraph 181.

182. Defendant denies the allegations set forth in Paragraph 182.

183. Defendant denies the allegations set forth in Paragraph 183.

184. Defendant denies the allegations set forth in Paragraph 184.

185. Defendant denies the allegations set forth in Paragraph 185.

186. The allegations set forth in Paragraph 186 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 186.

**Purported Allegations: Unauthorized Disclosure or Use**

187. Defendant denies the allegations set forth in Paragraph 187.

188. Defendant denies the allegations set forth in Paragraph 188.

189. Defendant denies the allegations set forth in Paragraph 189.

190. Defendant denies the allegations set forth in Paragraph 190.

191. Defendant denies the allegations set forth in Paragraph 191.

192. Defendant denies the allegations set forth in Paragraph 192.

## Purported Allegations: COUNT IV

## Violation of California Penal Code § 502

193. Defendant re-alleges his responses and incorporates by reference every single paragraph in this Answer as if set forth in full.

194. Defendant denies the allegations set forth in Paragraph 194.

195. The allegations set forth in Paragraph 195 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 195.

196. The allegations set forth in Paragraph 196 contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the California Penal Code § 502(c) includes the language quoted in Paragraph 196.

197. The allegations set forth in Paragraph 197 contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the California Penal Code § 502(b) includes the language quoted in Paragraph 197.

198. Defendant denies the allegations set forth in Paragraph 198.

199. Defendant denies the allegations set forth in Paragraph 199.

200. Defendant denies the allegations set forth in Paragraph 200.

201. Defendant denies the allegations set forth in Paragraph 201.

202. Defendant denies the allegations set forth in Paragraph 202.

203. Defendant denies the allegations set forth in Paragraph 203.

204. Defendant denies the allegations set forth in Paragraph 204.

205. Defendant denies the allegations set forth in Paragraph 205.

206. Defendant denies the allegations set forth in Paragraph 206.

## Purported Allegations: COUNT V

## Conversion

207. Defendant re-alleges his responses and incorporates by reference every single paragraph in this Answer as if set forth in full.

208. The allegations set forth in Paragraph 208 contain legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 208.

209. Defendant denies the allegations set forth in Paragraph 209.

210. Defendant denies the allegations set forth in Paragraph 210.

211. Defendant denies the allegations set forth in Paragraph 211.

**PRAYER FOR RELIEF**

The remainder of the Amended Complaint sets forth Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant requests that the Court deny Plaintiff's prayer for relief in its entirety. Defendant denies that Ameris is entitled to injunctive relief to the extent such injunctive relief would extend the relevant time period governing any post-termination prohibition on Defendant publishing, disclosing, or otherwise using alleged confidential information.

**RESPONSE TO DEMAND FOR JURY TRIAL**

Ameris's demand for a jury trial requires no response. To the extent a response is required, Defendant separately demands a jury trial as set forth below.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following separate and distinct affirmative defenses to Plaintiff's Amended Complaint and each cause of action contained therein. Defendant's assertions are without concession to any of the allegations contained in the Amended Complaint and in no way relieve Plaintiff of its burden to prove each element of the claims contained therein. Defendant further reserves the right to assert additional defenses, amend, or supplement these defenses and any other allegation contained in this Answer to the extent that new, or previously undiscovered, information becomes available.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State Cause of Action)**

1. Defendant alleges that the causes of action contained in the Amended Complaint fail to state facts sufficient to state causes of action upon which relief may be granted against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Collateral Estoppel and Issue Preclusion)**

2. Ameris is precluded from relitigating issues actually litigated and necessarily decided in the Prior Action. To the extent Ameris's claims depend on findings contrary to those made in the Prior Action, they are barred. To the extent Ameris bases its breach of contract claim on Defendant's Employment Agreement, the Court dismissed the breach of contract claim as to the Employment Agreement without leave to amend. *See* Dkt. 33.

**THIRD AFFIRMATIVE DEFENSE**

**(Compulsory Counterclaim Bar)**

3. Ameris is precluded from raising claims in this action that it was required to raise as counterclaims in the Prior Action.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

4. Defendant alleges that Plaintiff's Amended Complaint is barred in whole or in part because Plaintiff failed to exercise reasonable efforts to mitigate or avoid any damages which are alleged to have been caused by Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

5. Defendant alleges that some or all of Plaintiff's claims are barred by the doctrine of unclean hands. Among other things, Plaintiff knew that other employees emailed Ameris documents to their personal email accounts and did not bring suit against them for that conduct, yet selectively pursued claims against Defendant based on comparable conduct in retaliation for his pursuit of compensation and wrongful termination claims against Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

**(Lack of Good Faith and Fair Dealing)**

6. Defendant alleges that Plaintiff's Amended Complaint is barred in

whole or in part because Plaintiff failed to act in good faith and deal fairly in the performance and enforcement of the contracts.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Prior Material Breach and Excuse of Performance)**

7. Ameris's contract claim is barred by Ameris's own prior material breach. The jury in the Prior Action found that Ameris breached the Employment Agreement and the LTIP and willfully failed to pay Byrne's earned wages. Ameris's breaches excused any further performance by Byrne under related obligations.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Implied Authorization/Consent)**

8. Defendant alleges that Plaintiff is barred from seeking recovery because Plaintiff willingly and voluntarily consented, expressly and/or impliedly, to some or all of the activities or conduct alleged in the Amended Complaint that purportedly serve as the basis for the wrongdoing alleged therein. Ameris knowingly permitted Byrne to use his personal email throughout his employment without instructing him to stop, never disciplined him for using a personal email address, designated his termination "without cause," and itself, through its employees, used Byrne's personal email address to communicate with him. Ameris further informed Byrne, through Section 4.1(c) of his Employment Agreement, that disclosure or communication of confidential information was permitted as protected by law, including to report possible violations of law.

**NINTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

9. Ameris is estopped from asserting its claims because, through its information-technology leadership and senior management, it represented to Byrne by words and conduct that his use of his personal email account for work was permitted: Ameris knowingly permitted Byrne to use his personal email throughout his employment without instructing him to stop, never disciplined him for using a

personal email address, designated his termination "without cause," and itself, through its employees, used Byrne's personal email address to communicate with him. Ameris further informed Byrne, through Section 4.1(c) of his Employment Agreement, that disclosure or communication of confidential information was permitted as protected by law, including to report possible violations of law. Byrne relied on those representations in performing his duties.

**TENTH AFFIRMATIVE DEFENSE**

**(Unenforceability, Overbreadth, and Lack of Consideration)**

10. Ameris's contract claim is barred to the extent the CI Agreement, Acceptable Use Policy, or Code of Conduct is unenforceable, including because they are void under California Business and Professions Code § 16600 or California Labor Code § 925 to the extent they restrain lawful activity or are read to bar the use of information in protected litigation.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

11. Plaintiff's claims are barred by the doctrine of laches in that Plaintiff has unreasonably delayed in bringing this action and such delay has caused prejudice to Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Standing)**

12. Ameris lacks standing to assert claims or seek relief based on the interests of third parties, such as employees, customers, or regulatory bodies.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

13. Ameris waived any claim based on Byrne's use of his personal email account because Ameris knowingly permitted Byrne to use his personal email throughout his employment without instructing him to stop, never disciplined him for using a personal email address, designated his termination "without cause," and

itself, through its employees, used Byrne's personal email address to communicate with him. Ameris further informed Byrne, through Section 4.1(c) of his Employment Agreement, that disclosure or communication of confidential information was permitted as protected by law, including to report possible violations of law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

14. Plaintiff's claims are barred in whole or in part because Plaintiff would be unjustly enriched if allowed to recover thereon.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Litigation Privilege — California Civil Code § 47(b))**

15. Defendant alleges that Plaintiff's claims are barred in whole or in part by the litigation privilege under California Civil Code section 47(b).

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Whistleblower Immunity — 18 U.S.C. § 1833(b))**

16. Defendant alleges that Plaintiff's claims are barred in whole or in part by the whistleblower immunity provisions of 18 U.S.C. § 1833(b).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Identify Trade Secrets with Reasonable Particularity)**

17. Defendant alleges that Plaintiff's misappropriation claims are barred, in whole or in part, because Plaintiff has failed to identify the alleged trade secrets with reasonable particularity.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Independent Economic Value — Generally Known or Readily Ascertainable)**

18. Defendant alleges that Plaintiff's misappropriation claims are barred in part or in whole because the alleged trade secret information lacks actual or potential independent economic value from not being generally known or readily ascertainable by proper means.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Litigation to Chill Protected Activity)**

19. Defendant alleges that Plaintiff's claims are barred, in whole or in part, because this action was filed and is being prosecuted to chill and punish Byrne's constitutionally protected speech and petitioning activity, including Byrne's right to seek legal redress, and Plaintiff's stated reasons for bringing this case are pretextual.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Litigation Privilege / Attorney-Client Communications)**

20. Defendant alleges that Plaintiff's claims are barred, in whole or in part, because any possession, use, or disclosure of the alleged trade secret information was limited to confidential communications with Defendant's attorneys for the purposes of obtaining legal advice and/or in connection with anticipated or pending litigation, and is protected by the litigation privilege and/or attorney-client privilege.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Scope of Employment — California Penal Code § 502(h)(1))**

21. Byrne acted at all relevant times within the scope of his lawful employment as Chief Executive Officer of the Balboa Division of Ameris. California Penal Code § 502(h)(1) excludes from subdivision (c) acts within the scope of lawful employment, and information accessed within the scope of employment is not acquired by improper means.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Setoff and Offset)**

22. Any recovery by Ameris must be set off or offset by the amounts Ameris owes Byrne under the final judgment in the Prior Action, in *Ameris Bank v. Patrick Byrne, et al.*, No. 1:26-cv-00190-JLH (D. Del.), or in *Patrick Byrne, et al. v. Ameris Bank*, No. 1:25-cv-01557-JLH (D. Del.), and by any other amounts Ameris owes Byrne.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Bad-Faith Trade Secrets Claims)**

23. Ameris's trade-secret claims were made in bad faith, including because Ameris knew that Byrne's conduct was authorized, litigated and lost the same issues in the Prior Action, and filed this action in retaliation for protected whistleblowing activity. Byrne is entitled to recover his reasonable attorneys' fees and costs under Cal. Civ. Code § 3426.4 and 18 U.S.C. § 1836(b)(3)(D).

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Entitlement to Attorney Fees as Prevailing Party)**

24. To the extent Section 9 of the Confidential Information Agreement provides for Ameris to recover reasonable attorney fees or costs, that provision is reciprocal under Cal. Civ. Code § 1717.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(CUTSA Supersession)**

25. Ameris's claims for breach of contract, violation of California Penal Code § 502, and conversion are superseded by the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426.7, to the extent they are based on the same nucleus of facts as Ameris's trade-secret misappropriation claim.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitation)**

26. Defendant alleges that Plaintiff's Amended Complaint is barred in whole or in part by the applicable statutes of limitation. *See* Cal. Penal Code § 502(e)(5) (three years for Penal Code § 502); Cal. Civ. Code § 3426.6 (three years for CUTSA); 18 U.S.C. § 1836(d) (three years for DTSA); Cal. Code Civ. Proc. § 338(c) (three years for conversion). The Amended Complaint alleges conduct dating back to 2022. Ameris knew of, or with the exercise of reasonable diligence should have discovered, Byrne's alleged conduct before the expiration of the applicable statutes of limitation.

**PRAYER**

WHEREFORE, Defendant prays for a judgment by the Court as follows:

1. That the Amended Complaint be dismissed and that Plaintiff be granted no relief whatsoever;

2. For attorneys' fees and costs in an amount to be proven at trial, to the extent permitted by applicable law; and

3. For such other and further relief as this Court deems just and proper.

Dated: October 8, 2026

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP

By: */s/Catriona M. Lavery*
CATRIONA M. LAVERY
Attorneys for Defendant
PATRICK BYRNE

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1, Defendant Patrick Byrne hereby demands a trial by jury on all claims, defenses, and issues so triable.

Dated: October 8, 2026

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP

By: */s/Catriona M. Lavery*
CATRIONA M. LAVERY
Attorneys for Defendant
PATRICK BYRNE